## McGRATH, et al v. SOUTHERN BELL TEL. & TEL. CO., et al.
### No. 62-200-L.

Circuit Court, Duval County.

July 6 and 31, 1962.

Evan T. Evans and Carl G. Swanson, both of Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant telephone company.

Noah H. Jenerette of Boyd, Jenerette & Leemis, Jacksonville, for defendant Jacobs.

FRANK H. ELMORE, Circuit Judge.

*Order granting motion for summary judgment in favor of defendant telephone company:* This matter came on to be heard on motion of the defendant Southern Bell Tel. & Tel. Co. for summary judgment in its favor.

After consideration of the pleadings, affidavits and depositions on file, and after hearing argument of counsel, the court finds as follows —

Plaintiffs originally sued the telephone company alone for injuries received by Mrs. McGrath, because the company — "carelessly and negligently maintained the floor of its business office whereby the same became unsafe for the accommodation of pedestrian traffic". The court denied motions to dismiss and for more definite statement, plaintiff relying on First Federal v. Wylie (Fla. 1950), 46 So.2d 396, and the court finding that plaintiff had alleged an act of negligent commission on defendant's part.

Defendant telephone company then filed an answer alleging in substance that it was not guilty of an act of negligent commission; that it did not maintain the floor; but that the floor was maintained by the landlord, Robert H. Jacobs. Under the same Wylie case, the court upheld this answer.

Plaintiffs thereupon amended to add Jacobs as an additional defendant, and the telephone company cross claimed against Jacobs on the same ground that under its lease Jacobs was under an obligation to the telephone company to, and did, maintain the floor. The court upheld this cross claim and the amended complaint.

Defendant telephone company has now filed an uncontroverted affidavit, from which, and plaintiff's deposition, it is shown that on plaintiff's pre-trial interrogation the only thing she claimed wrong with the floor was that she had slipped on it and thereupon found her dress damp and soiled; that under the lease covering the business office the landlord, defendant Jacobs, had agreed to provide janitorial service and to maintain and keep the premises in good tenantable condition; that at the time of the accident Jacob's janitor was in the office with a mop drying up the floor after each person who might have brought in dirt or water from the outside, it having rained off and on during the day; that Jacobs waxed, cleaned, dried, repaired, and otherwise maintained the floor; and that the telephone company took no part in the upkeep, cleaning, drying or maintenance of the floor.

The court finds, therefore, that no actionable negligence has been shown as against the telephone company; that liability, if any, on the part of the telephone company would be derivative from the act of the defendant Jacobs who had agreed to and did maintain the office floor; that if any such liability were shown,

which it has not been, the telephone company would be entitled to judgment over against Jacobs on its cross claim.

And the court finding that there is no genuine issue as to any material fact, and that defendant telephone company is entitled to summary judgment in its favor herein, it is ordered and adjudged that defendant Southern Bell Tel. & Tel. Co. be granted summary judgment under civil procedure rule 1.36, that plaintiffs take nothing by their said suit against said defendant, that the defendant Southern Bell Tel. & Tel. Co. go hence without day; and that this case shall proceed against the defendant Jacobs alone.

*Order denying motion for rehearing:* This cause coming on to be heard, after due notice, on motion of the plaintiffs for rehearing of the summary judgment entered in favor of the defendant telephone company on July 6, 1962, which motion was filed more than 10 days after the judgment complained of, and the court having heard argument of counsel, upon consideration, it is ordered —

1. Plaintiff relies primarily on Goldstein v. Great Atlantic & Pacific Tea Co., 142 So.2d 115, decided by the District Court of Appeal, Third District, on June 12, 1962. The court had read this case prior to the entry of summary judgment and was and is thoroughly familiar with it. That case is not controlling here for the following reasons, among others —

(a) In this case, plaintiff has squarely alleged a negligent act of commission on the part of the telephone company (see First Federal v. Wylie, 46 So.2d 396) in that it carelessly and negligently maintained the floor, and there is no evidence in the affidavits submitted on the motion for summary judgment showing any negligence of any kind on the part of the company.

(b) The uncontroverted affidavits show that the landlord defendant Jacobs had taken over the maintenance of the floor and was actually engaged therein at the time of the accident.

2. There is doubt that the motion for rehearing was timely filed. See civil procedure rules 2.8 and 3.16.

3. The motion for rehearing is denied.